IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO: 2021-CA-6076-O

**WILHELMINA TAYLOR,**

    **Plaintiff,**

vs.

**PENNEY OPCO, LLC, a foreign
limited liability company, d/b/a J.C.
PENNEY and JOHN DOE,**

    **Defendants.**

                                                /

## AMENDED COMPLAINT

COMES NOW Plaintiff, WILHELMINA TAYLOR, and sues Defendants, PENNEY OPCO, LLC, a foreign limited liability company, d/b/a J. C. PENNEY (hereinafter J.C. PENNEY) and JOHN DOE, and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's

claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff is a natural person residing in Lake County, Florida.

3. At all times material to this action, Defendant, J.C. PENNEY, is a Delaware corporation licensed to do business in the State of Florida.

4. At all times material to this action, Defendant, JOHN DOE, is a natural person working as a store manager for the Defendant, J.C. PENNEY, in Orange County, Florida.

5. At all times material hereto, Defendant, J.C. PENNEY, was the occupier and in possession of that certain business located at West Oaks Mall, 9409 West Colonial Drive, Ocoee, Orange County, Florida, said business being that of a department store, open to the general public, including the Plaintiff herein.

6. At all times material hereto, Defendant JOHN DOE, was an employee of Defendant, J.C. PENNEY, was in charge of the daily operations and is directly responsible for ensuring that the Defendant's premises are maintained on a daily basis in a clean and safe manner.

7. On or about March 10, 2021, Plaintiff visited Defendant's premises located at the above address to shop.

## COUNT I – NEGLIGENCE AGAINST J.C. PENNEY

8. Plaintiff realleges and incorporates by reference paragraphs one through seven above and further states:

9. At said time and place, Plaintiff was a guest at the department store, lawfully upon the premises of the Defendant, J.C. PENNEY, who owed Plaintiff a duty to exercise reasonable care for her safety.

10. At said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the aisles and display tables, thus creating an unreasonably dangerous condition to members of the public utilizing said aisles, including the Plaintiff herein;

b) Negligently failing to inspect or adequately inspect the aisles and display tables, as specified above, to ascertain whether the broken display table constituted a hazard to pedestrians utilizing said display table and aisleway, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the broken display table, when Defendant knew or through the exercise of reasonable care should have known that said display table was unreasonably dangerous and that Plaintiff was unaware of same; and,

d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the broken display table on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

11. As a result, while Plaintiff was visiting Defendant's business, her cart became caught on the edge of the broken display table, causing her to fall and sustain injuries as set forth.

12. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the

enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, WILHELMINA TAYLOR, sues the Defendant, J.C. PENNEY, for damages and demands judgment in excess of Thirty Thousand and One Dollars ($30,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II
## NEGLIGENCE AGAINST DEFENDANT JOHN DOE

13. Plaintiff realleges and incorporates by reference paragraphs one through seven above and further states:

14. At all material times, Defendant, **JOHN DOE**, was directly responsible for maintaining and operating the store and, therefore, is personally responsible to Plaintiff.

15. At all material times, Defendant, **JOHN DOE**, was directly responsible for executing **J.C. PENNEY's** policies and was personally involved in **J.C. PENNEY's** previously described tortious conduct and is therefore personally liable to Plaintiff.

16. At all material times and by virtue of their position with **J.C. PENNEY** Defendant, **JOHN DOE**, owed Plaintiff a duty to maintain the store in a reasonably safe condition and to warn Plaintiff of any dangerous conditions.

17. At said time and place, Defendant, **JOHN DOE**, owed a duty of reasonable care to their guests, including Plaintiff, to provide a reasonably safe environment, to inspect and maintain this environment, and to request and authorize repairs to this environment, such that their guests would be protected from reasonably foreseeable injuries. Plaintiff alleges she breached these duties by doing the following:

a) Negligently failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to business invitees, by allowing a broken display table to remain unattended on the store's sale floor while open for shoppers;

b) Negligently failing to warn or adequately warn the Plaintiff of the dangerous condition and/or hazard that they knew or should have known of;

c) Negligently failing to adequately remedy, remove, and/or eliminate the dangerous condition and/or hazard;

d) Negligently failing to properly train their employees in adequately remedying and/or preventing the hazards, such as a broken display table left unattended in an area of the store open to customers during business hours;

e) Negligently failing to properly supervise their employees in the inspection of areas of the store open to customers during business hours;

f) Negligently failing to inspect of areas of the store open to customers during business hours;

g) Negligently failing to follow company policy and procedures as to customer safety and the elimination and/or reduction of slip and/or trip hazards in store areas open to customers during business hours;

h) Negligently failing to properly train their employees in adequately warning customers of Defendant store's dangerous conditions, such as a broken display tables left unattended on Defendant's sales floor during business hours, through the proper placement of warning signs, restricting business invitees access to the subject area

      within Defendant's store, and/or requiring store employees to remove the broken display table from Defendant's sales floor when open for business invitees; and,

   i) Negligently failing to alert J.C. PENNY of the store's known dangerous hazard condition in order to request and/or authorize alternative and/or cleaning/maintenance for the store floor.

18. As a result, while Plaintiff was visiting the above-referenced store, her shopping cart became caught on the broken display table, causing her to fall, sustaining injuries as set forth.

19. The specific manner in which Plaintiff was injured was foreseeable to Defendant and Defendant knew or should have known of the specific risks of harm to Plaintiff as a result of Defendant's negligence.

20. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, WILHELMINA TAYLOR, sues the Defendants, COPPER RETAIL JV LLC, a foreign limited liability company, d/b/a J. C. PENNEY and JOHN DOE for damages and demands judgment in excess of Thirty Thousand and One Dollars ($30,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 1st day of July, 2021.

*/s/ Travis J. Stulz*
Travis J. Stulz, Esq.
FBN 112203
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone:    (689) 219-2082
Facsimile:    (689) 219-2182
Primary email: tstulz@forthepeople.com
Secondary email: spatercsak@forthepeople.com
Attorneys for Plaintiff
